## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANNY THOMPSON,

                Plaintiff,

vs.                                                   No. Civ. 00-167 SC/DJS

STATE OF NEW MEXICO, NEW MEXICO
DEPARTMENT OF CORRECTIONS, ROD
PERRY, Director of Department of Corrections,
CHAVES COUNTY, a municipal corporation,
CHAVES COUNTY JAIL, CHAVES COUNTY
SHERIFF'S DEPARTMENT, KEA RIGGS,
Chaves County District Attorney, in her Official
and Individual Capacity, STANTON RIGGS,
Chaves County Attorney, in his Official and
Individual Capacity, KURT REIF, ESQUIRE,
REIF AND CARRASCO, P.C., CENTRAL
NEW MEXICO CORRECTIONAL FACILITY,
CORRECTIONAL MEDICAL SERVICES,
ALBUQUERQUE VETERANS ADMINISTRATION
HOSPITAL, NEW MEXICO CORRECTIONAL
FACILITY, WESTERN NEW MEXICO
CORRECTIONAL FACILITY, LAS VEGAS
MEDICAL CENTER, UNIVERSITY OF NEW
MEXICO HOSPITAL, and OTHER AS YET
NAMED INDIVIDUALS INVOLVED WITH THE
CARE AND TREATMENT OF DANNY THOMPSON,

                Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on (1) the County Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), filed May 17, 2000 [Doc. No. 41][1]; (2) [County] Defendant Stanton Riggs' Motion to Dismiss on the Basis of Qualified Immunity, filed May 17, 2000 [Doc.

---

[1] Plaintiff's response was filed June 5, 2000, and the County Defendants' Reply was filed June 20, 2000.

No. 43][2]; and (3) the County Defendants' Motion to Strike, or in the Alternative, Motion to Dismiss, Plaintiff's Amended Complaint, filed June 28, 2000 [Doc. No. 64].[3]  The Court having read the pleadings and being apprised of the applicable law concludes that the two original motions to dismiss are moot, the County Defendants' motion to strike Plaintiff's amended complaint is not well-taken, and the County Defendants' renewed motion to dismiss is partially well-taken.

**I.    BACKGROUND**

The County Defendants consist of Defendants Chaves County, Chaves County Jail (or Detention Center), Chaves County Sheriff's Department, and Chaves County Attorney Stanton Riggs (County Defendant Riggs or Riggs).  On February 9, 2000, Plaintiff filed a six-count complaint against numerous defendants, including the four County Defendants.  On June 6, 2000, Plaintiff filed a six-count amended complaint, deleting some of the previously-named Defendants, adding two Defendants, and altering some of the allegations.  All of the County Defendants were renamed in the amended complaint.  Between the filing of the complaint and the amended complaint, and notwithstanding their alleged awareness of the pending amended complaint, the County Defendants, collectively, filed a motion to dismiss the original complaint and County Defendant Riggs, individually, filed a motion to dismiss the original complaint on the basis of qualified immunity.

---

[2] Plaintiff's response was filed June 7, 2000, and Defendant Stanton Riggs' reply was filed June 20, 2000.

[3] Plaintiff's response was filed August 4, 2000, and the County Defendants' reply was filed August 16, 2000.

In his amended complaint, Plaintiff brings two federal law counts, under 42 U.S.C. §§ 1983, 1985, 1988, and four state law counts.[4] The essence of Plaintiff's amended complaint as to the County Defendants is that (1) they delayed surgical treatment of Plaintiff's malignant brain tumor until he came into the custody of the State of New Mexico in order to shift financial responsibility for the treatment from Chaves County to the State, causing Plaintiff physical injury, and (2) they were negligent in caring for Plaintiff and in operating the Jail or Courthouse (or otherwise failed to provide Plaintiff with proper medical care) while he was in their custody, resulting in him suffering injuries from falling, seizures, and other symptoms of his brain tumor.[5] Discovery has been stayed pending the resolution of County Defendant Riggs' motion to dismiss on the basis of qualified immunity.

## II. MOTION TO STRIKE

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. . . ." Fed. R. Civ. P. 15(a); see Calderon v. Kansas Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1185 (10th Cir. 1999) (Rule 15(a) "provides that a party has a right to amend the pleading one time without seeking leave of

---

[4] I construe Count VI as a state law claim for Negligent Supervision and Respondeat Superior against, inter alia, County Defendants Chaves County, Chaves County Jail, and Riggs, and not a 42 U.S.C. § 1983 claim for an unconstitutional policy, custom, or practice against County Defendants Chaves County and Chaves County Jail. Because the issue was not raised and/or briefed, I take no position as to whether the various § 1983 claims against County Defendants Chaves County, Chaves County Jail, Chaves County Sheriff's Department, and Riggs, in his official capacity, should be consolidated into one suit against Chaves County.

[5] I have inferred that Plaintiff's brain tumor was cancerous from Plaintiff's allegation in paragraph 33 of his amended complaint that at all relevant times Plaintiff suffered from the effects of a brain tumor and cancer.

court as long as the amendment occurs before a responsive pleading is served."). It has long been the law in this Circuit that a motion to dismiss is generally not a "responsive pleading."[6] See e.g., Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1131 (10th Cir. 1994); Glenn v. First Nat'l Bank, 868 F.2d 368, 370 (10th Cir. 1989); Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985). (Indeed, the County Defendants cite Calderon, Glenn, and Cooper in their supporting memorandum for their motion to strike.) Plaintiff filed his amended complaint before any Defendant filed a responsive pleading. Therefore, contrary to the County Defendants' baseless contentions, leave of this Court or consent of Defendants was not required. The County Defendants' motion to strike Plaintiff's amended complaint is frivolous and will be denied.

## III. MOTIONS TO DISMISS

In the alternative to their motion to strike the amended complaint, County Defendants request that the Court dismiss the amended complaint. In their new motion to dismiss, County Defendants request generally that the Court consider not only the arguments listed in that motion, but also those provided in their two earlier motions to dismiss. I will dismiss as moot the earlier motions to dismiss. However, I will incorporate into the new motion the relevant arguments from the earlier motions. My incorporation includes County Defendant Riggs' qualified immunity argument, even though it was not explicitly raised or reargued in the County Defendants' new motion to dismiss. Furthermore, while it is unclear from the County Defendants' pleadings

---

[6] An exception to the general rule that a motion to dismiss is not a "responsive pleading" is when the amended complaint is filed after final judgment has been entered. See Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985)("A motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint."). "Recognized [responsive] pleadings are listed in Fed. R. Civ. P. 7(a) as a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer." Glenn v. First Nat'l Bank, 868 F.2d 368, 370 (10th Cir. 1989).

whether they request the amended complaint be dismissed in toto or only as it implicates them, I construe the motion as applying only to them.

**A. Standards of Review**

Granting a motion to dismiss for failure to state a claim "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586-87 (10th Cir. 1994) (internal quotations omitted); see Ayala v. Joy Mfg. Co., 877 F.2d 846, 847-48 (10th Cir. 1989).  When ruling on a Rule 12(b)(6) motion, a court must construe the plaintiff's complaint liberally and all well-pleaded allegations in the complaint must be accepted as true.  See Albright v. Oliver, 510 U.S. 266, 268 (1994); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 510 (10th Cir. 1998).  While all reasonable inferences must be indulged in favor of the plaintiff, conclusory allegations need not be taken as true.  See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1228 (10th Cir. 1987); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).  A claim may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989).

Special rules apply when a defendant raises the defense of qualified immunity.  Once the defendant pleads qualified immunity, the burden shifts to the plaintiff to demonstrate both that the defendant's conduct violated the law and that the relevant law was clearly established when the alleged violation occurred.  See Wilson v. Layne, 526 U.S. 603, 609 (1999); Ramirez v. Department of Corrections, 222 F.3d 1238, ___, 2000 WL 1140251 at *1 (10th Cir. 2000).  "In showing that the law was clearly established, the plaintiff does not have to show that the specific

5

action at issue has been held unlawful, but the alleged unlawfulness of the defendant's conduct must be apparent in light of preexisting law." Armijo v. Wagon Mound Pub. Sch., 159 F.3d 1253, 1260 (10th Cir. 1998). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).  To show a right is clearly established, there must be Supreme Court or Tenth Circuit law on point, or the weight of authority from other courts must support the Plaintiff's proposition.  See Armijo, 159 F.3d at 1260.  Unless both prongs of the test are satisfied, qualified immunity must be granted.

      When a qualified immunity defense is raised in the context of a Rule 12(b)(6) motion to dismiss, a court must assume the truth of the plaintiff's allegations in determining whether the official's conduct violated clearly established law.  However, a heightened pleading standard is applied in the Tenth Circuit.  See Ramirez,  222 F.3d at __ n.2,  2000 WL 1140251 at *1 n.2. But see Crawford-El v. Britton, 523 U.S. 574, 591, 594-95 (1998) (calling into doubt heightened pleading standard for qualified immunity claims).  This heightened pleading standard requires "the complaint to contain specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law." Dill v. City of Edmond, 155 F.3d 1193, 1204 (1998) (internal quotations omitted); see Breidenbach v. Bolish, 126 F.3d 1288, 1292 & n.2 (10th Cir. 1997).

**B. Federal Law Claims**

1.   Eighth Amendment Violations

Count II of the amended complaint alleges Eighth Amendment violations against, inter alia, all the County Defendants.  Count II is presumed to be brought under 42 U.S.C. § 1983.  To the extent that Plaintiff was not yet convicted of an offense at the time of the County Defendants' alleged conduct, the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment, applies to his federal constitutional claims.  See Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (pretrial detainees protected by Due Process Clause); Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1320 (10th Cir. 1998).  Plaintiff's actual status, however, does not affect the applicable analysis, as the analysis of Plaintiff's claims under the Due Process Clause would be identical to that under the Eighth Amendment.  See Lopez, 172 F.3d at 759 n.2.  Accordingly, Plaintiff's claims will be analyzed under Eighth Amendment case law.

Deliberate indifference to serious medical needs of prisoners (or detainees) constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976); Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997).  Deliberate indifference to serious medical needs may be "manifested by . . . intentionally denying or delaying access to medical care."  Estelle, 429 U.S. at 104-05; see Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (Delay in providing medical care may constitute a violation of the Eighth Amendment in circumstances involving "life-threatening situations," in "instances in which it is apparent that delay would exacerbate the prisoner's medical problems," and in instances where "the delay results in a lifelong handicap or a permanent loss.").

The deliberate indifference standard has an objective and a subjective component. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 809 (10th Cir. 1999) (citing Wilson v. Seither, 501 U.S. 294, 298-99 (1991)). The objective component requires that the pain or deprivation be "sufficiently serious." See id.; see also Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Hunt, 199 F.3d at 1224 (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component requires that the offending official act with a sufficiently culpable state of mind – i.e., if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; see Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference. . . ." Farmer, 511 U.S. at 837. However, whether an "official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that [an] official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citation omitted).

Plaintiff's allegations in his amended complaint sufficiently establish the objective element of the deliberate indifference test. Notwithstanding the County Defendants' contentions, there is no question that Plaintiff's medical need was sufficiently serious – even a lay person would recognize the necessity of treatment for a brain tumor and its symptoms. See Hunt, 199 F.3d at 1224 (quoting Ramos, 639 F.2d at 575); see also Neitzke v. Williams, 490 U.S. 319 (1989) (brain tumor type of condition which meets constitutional standard of serious medical need); Hathaway

8

v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (A serious medical need is one that contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." (internal quotations omitted)).

Whether Plaintiff's factual allegations satisfy the second (subjective) element of the deliberate indifference test as to the County Defendants is a closer question. Under the liberal Rule 12(b)(6) standard of review, Plaintiff has sufficiently alleged facts from which it could be inferred that he was in the custody of Chaves County, Chaves County Jail, and Chaves County Sheriff's Department (or that they were otherwise responsible for his medical care) between May 1997 and January 1998. It can be inferred further that during the time Plaintiff was allegedly in their custody, County Defendants Chaves County, Chaves County Jail, and Chaves County Sheriff's Department had knowledge of the risk to Plaintiff of delaying his surgery. Plaintiff was transferred to Chaves County Jail on May 10, 1997, arraigned on May 11, 1997, and was sentenced to state prison on January 21, 1998. Between May 1997 and January 1998, Plaintiff fell and had seizures. He was sent to various facilities for multiple brain scans in September 1997. Given the control governmental, law enforcement, or prison officials have over a detainee or prisoner's life, it can be inferred that County Defendants Chaves County, Chaves County Jail, and Chaves County Sheriff's Department authorized or were otherwise aware of the brain scans and also were aware of the reason why such scans were ordered. Plaintiff had brain surgery scheduled for November 27, 1997 and for January 21, 1998. It can be inferred that County Defendants Chaves County, Chaves County Jail, and Chaves County Sheriff's Department were aware of the surgery dates and the reason for the surgery. Both surgery dates were canceled, allegedly by, inter alia, one or more of the County Defendants. It can be inferred that County Defendants

Chaves County, Chaves County Jail, and Chaves County Sheriff's Department knew of the risk to Plaintiff of delaying surgical treatment of his brain tumor while he was in their custody. Furthermore, it is obvious that such delay would exacerbate Plaintiff's alleged medical problems and cause him not only present harm but also future harm.

  A final requirement is one that applies to constitutional claims against municipalities under § 1983. "[T]o hold a municipality liable for an employee's constitutional violations, a plaintiff must show not only that a constitutional violation occurred, but also that some municipal policy or custom was the moving force behind the violation." Myers, 151 F.3d at 1320 (10th Cir. 1998) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). "'[M]unicipal liability under § 1983 attaches where . . . a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)); see Pembaur, 475 U.S. at 481 ("If the decision to adopt [a] particular course of action is properly made by [the] government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood."). Plaintiff alleges, on information and belief, in a separate count (Count VI) that in order to reduce costs County Defendants Chaves County and Chaves County Jail had a policy, custom, or practice of not providing medical care to those incarcerated in their custody. Plaintiff further alleges that he was told his surgery would cost the County too much money. He also alleges that his surgery was canceled twice, in a successful effort to delay the surgery until he no longer was the County Defendants' responsibility. Although admittedly a stretch, a reasonable inference may be made that a County policy was the moving force behind the alleged constitutional violation. Therefore,

Plaintiff has met his burden of alleging that County Defendants Chaves County, Chaves County Jail, and Chaves County Sheriff's Department violated his Fourteenth and/or Eighth Amendment rights. However, Plaintiff's showing is just within the line of adequate. More will be necessary if he expects to defeat a summary judgment motion.

While Plaintiff has barely alleged sufficient facts to withstand the County Defendants' motion to dismiss as to County Defendants Chaves County, Chaves County Jail, and Chaves County Sheriff's Department, he has failed to do so in regards to County Defendant Riggs, in his official or individual capacity. Even under the liberal Rule 12(b)(6) standard, Plaintiff has not alleged sufficient nonconclusory facts from which I can conclude that County Defendant Riggs had custody of Plaintiff or control over Plaintiff's medical care. Cf. Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996) (for official to be liable under § 1983 for Eighth Amendment violations, he must have been personally responsible for the occurrence of the alleged violation); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). While Plaintiff has alleged, generally, that the County Defendants, including Riggs, had a duty of care to protect his health and life while he was in their custody, he never alleges when or how County Defendant Riggs had custody over him or responsibility for his medical care. Nor can I make a reasonable inference of such custody or control merely from the fact that County Defendant Riggs was the Chaves County Attorney. The allegation, on information and belief, that County Defendant Riggs suggested the cancellation of the January 21, 1998, surgery and the allegation that County Defendant Riggs agreed with other Defendants to the cancellation of Plaintiff's January 21, 1998, surgery also are insufficient to support an inference that County Defendant Riggs had custody of Plaintiff or control of or responsibility for Plaintiff's medical care. Therefore, Plaintiff has failed to adequately state a

claim for a Fourteenth and/or Eighth Amendment claim as to County Defendant Riggs. Because Plaintiff has inadequately plead a Fourteenth/Eighth Amendment claim as to County Defendant Riggs, in his official or individual capacity, under the Rule 12(b)(6) standard, I need not determine if he has adequately plead such a claim against County Defendant Riggs under the heightened pleading standard required by County Defendant Riggs' invocation of qualified immunity. Count II will be dismissed as to County Defendant Riggs, in his official and individual capacities.

2.  Civil Conspiracy

Count III of the amended complaint alleges Civil Rights Conspiracy against, inter alia, County Defendants Chaves County, Chaves County Jail, and Riggs. Plaintiff further alleges that such conspiracy violated his Eighth Amendment right to be free from cruel and unusual punishment, his Fourteenth Amendment rights to liberty, property, and due process, and his rights to property and due process under the New Mexico Constitution. It is unclear whether Plaintiff brings this claim under 42 U.S.C. § 1985 and/or § 1983. I will analyze the claim under both statutes.

Section 1985, entitled "[c]onspiracy to interfere with civil rights," prohibits conspiracies to prevent officers from performing duties, see 42 U.S.C. § 1985(1), conspiracies to obstruct justice through party, witness, or juror intimidation, see id. § 1985(2), and conspiracies to deprive persons of rights or privileges, see id. § 1985(3). Only subsection § 1985(3) is relevant here.

To state a § 1985(3) claim, a plaintiff must allege that the civil rights conspiracy was motivated by racial, or other similar class-based, animus or that he is a member of a class covered by § 1985. See Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993); see also Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Plaintiff has failed to do this. Furthermore, even if I

were to infer from all of Plaintiff's allegations, viewed in his favor, that Plaintiff was a member of a group consisting of pre- or post-trial detainees or prisoners, in the custody of (some or all of) the County Defendants, whose medical needs were ignored or delayed because of the high cost of their treatment, it is unlikely that under Tenth Circuit law such a group would be considered a "class" for § 1985(3) purposes.  See Tilton, 6 F.3d at 686 (the other "class-based animus" language is narrowly construed); Brown v. Reardon, 770 F.2d 896, 907 (10th Cir. 1985); Wilhelm v. Continental Title Co., 720 F.2d 1173, 1176-77 (10th Cir. 1983); see also Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269-70 (1993); United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 835-37 (1983).  Because Plaintiff has inadequately plead a § 1985(3) claim under the Rule 12(b)(6) standard, I need not determine if he has adequately plead the claim against County Defendant Riggs under the heightened pleading standard required by County Defendant Riggs' invocation of qualified immunity.

To the extent that a conspiracy may form the basis for a § 1983 claim, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants;" conclusory allegations of conspiracy are not enough.  Tonkovich, 159 F.3d at 533.  Where the plaintiff has no knowledge of an agreement between the alleged conspirators, "the sequence of events" alleged may be sufficient enough to allow an inference from the circumstances that the conspirators had a "meeting of the minds."  See Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1127 (10th Cir. 1994) (quoting Adickes v. S.H. Kress and Co., 398 U.S. 144, 157, 158 (1970)).

Plaintiff has alleged (mostly on information and belief) that County Defendant Riggs was the County Attorney; that the District Attorney prosecuting Plaintiff (Defendant Kea Riggs) was married to County Defendant Riggs; that Plaintiff was told by an unidentified person that his

13

surgery would cost County Defendant Chaves County too much money; that the cost of Plaintiff's January 21, 1998, surgery was discussed by County Defendant Riggs and Defendant Kea Riggs, amongst themselves and with others (including County Defendants Chaves County and Chaves County Jail); that County Defendant Riggs and Defendant Kea Riggs came to the agreement, amongst themselves and with others (including County Defendants Chaves County and Chaves County Jail); that it would be better to have Plaintiff's surgery paid for by the State and thus he should be sentenced prior to the surgery; that the cancellation of Plaintiff's January 21, 1998, surgery was suggested by County Defendant Riggs and Defendant Kea Riggs; and that Plaintiff's January 21, 1998, surgery was canceled by agreement of Defendant Kea Riggs and County Defendants Chaves County, Chaves County Jail, and Riggs, among other Defendants.

    Plaintiff has no knowledge, beyond information and belief, that Defendant Kea Riggs and the County Defendants Chaves County, County Jail, and Riggs discussed, conspired, suggested, and/or agreed to delay Plaintiff's surgery. Nor has he alleged a sufficient "sequence of events" from which a "meeting of the minds" reasonably could be inferred. It cannot be reasonably inferred, for example, that because (1) Plaintiff's surgery was postponed at least twice (the second time on the day of surgery and of sentencing); (2) Plaintiff was told by an unidentified person that his surgery was too costly; (3) County Defendant Riggs was the County Attorney; (4) Defendant Kea Rigs was the prosecuting District Attorney; and (5) the two were married that County Defendant Riggs and Defendant Kea Riggs conspired with one another (and with other Defendants, including County Defendants Chaves County and Chaves County Jail) to postpone Plaintiff's surgery until after he was sentenced. See Tonkovich, 159 F.3d at 533. Cf. Brever, 40 F.3d at 1127-28 (alleged sequence of events sufficient to support inference of "meetings of the

14

minds"). Plaintiff, thus, has failed to sufficiently allege, directly or inferentially, that County Defendant Riggs and Defendant Kea Riggs met and agreed to delay Plaintiff's brain surgery until Plaintiff was no longer the responsibility of Chaves County.  Consequently, Plaintiff has failed to state adequately a claim for civil conspiracy under § 1983.  Again, because Plaintiff has failed to meet the lower Rule 12(b)(6) standard for stating a claim, I need not reach the question of whether he has stated a claim against County Defendant Riggs under the heightened pleading standard required by County Defendant Riggs' defense of qualified immunity.  Therefore, Count III will be dismissed as to the relevant County Defendants (Chaves County, Chaves County Jail, and Chaves County Attorney Riggs, in his individual and official capacities).

**C.  State Law Claims**

Plaintiff's amended complaint contains four state law claims, of which only three are relevant here.[7]  Count I of Plaintiff's amended complaint alleges Negligence against, inter alia, County Defendants Chaves County, Chaves County Jail, and Chaves County Sheriff's Department.  Count IV alleges Prima Facie Tort against, inter alia, County Defendants Chaves County, Chaves County Jail, and Riggs.  Count VI alleges Negligent Supervision and Respondeat Superior as to, inter alia, County Defendants Chaves County, Chaves County Jail, and Riggs.

The County Defendants contend that Plaintiff's claims in Counts I, IV, and VI, are barred by the two-year statute of limitations set forth in the New Mexico Tort Claims Act.  Plaintiff responds that under the "continuing harm" doctrine his claims were filed within the applicable statute of limitations.

---

[7] Count V of the amended complaint alleges Attorney Malpractice, Negligent Supervision, and Respondeat Superior against non-County Defendants.

Plaintiff's state law claims against the County Defendants are torts against governmental entities or public employees and thus fall within the restrictions of the New Mexico Tort Claims Act.  See N.M. Stat. Ann. § 41-4-2 (1996 Repl. Pamp.).  Under the Tort Claims Act, actions are barred "unless such action is commenced within two years after the date of occurrence resulting in loss" or injury.  Id. § 41-4-15(A).   The two-year limitation "applies to all persons regardless of . . . legal disability."  Id.; see Jaramillo v. New Mexico, 111 N.M. 722, 723, 809 P.2d 636, 637 (Ct. App. 1991).

Assuming proper notice of Plaintiff's claims under N.M. Stat. Ann. § 41-4-16, Plaintiff's tort claims are barred by the New Mexico Tort Claims Act's two-year statutory bar of limitations.  The last possible date of occurrence regarding the County Defendants that could have caused Plaintiff injury is January 21, 1998, the second time Plaintiff's scheduled surgery date was canceled and the date Plaintiff was sentenced to state prison.  There is no "continuing harm" tolling of the Tort Claims Act statute of limitations.  See Bolden v. Village of Corrales, 111 N.M. 721, 721-22, 890 P.2d 635, 635-36 (Ct. App. 1990).  Cf. United States v. Hess, 194 F.3d 1164, 1176 n.13 (10th Cir. 1999) ("In Tiberi, [a non-New Mexico Tort Claim Act statute of limitations case], we acknowledged that the "continuing wrong" doctrine "cannot be employed where the plaintiff's injury is 'definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress.'" (quoting Tiberi v. Cigna Corp., 89 F.3d 1423 1431 (10th Cir. 1996)).  The alleged injury to Plaintiff in this case was not "inherently unknowable" before his April 2, 1998, surgery.  Bolden, 111 N.M. at 722, 809 P.2d at 636.  If the facts are as Plaintiff alleges, it was certain that the County Defendants' alleged January 21, 1998, cancellation of Plaintiff's brain surgery would result in injury to Plaintiff as of that date.  Plaintiff's original complaint was filed

February 9, 2000, and, thus, his tort law claims against the County Defendants are untimely. Therefore, Counts I, IV, VI as to the County Defendants will be dismissed.

**THEREFORE, IT IS ORDERED** that the County Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), filed May 17, 2000 [Doc. No. 41], is hereby DENIED as MOOT.

**IT IS FURTHER ORDERED** that County Defendant Stanton Riggs' Motion to Dismiss on the Basis of Qualified Immunity, filed May 17, 2000 [Doc. No. 43], is hereby DENIED as MOOT.

**IT IS FURTHER ORDERED** that County Defendants' Motion to Strike, or in the Alternative, Motion to Dismiss, Plaintiff's Amended Complaint, filed June 28, 2000 [Doc. No. 64], is hereby GRANTED IN PART. The motion to strike the amended complaint is DENIED as FRIVOLOUS. The motion to dismiss is GRANTED IN PART. Count II (federal Eighth Amendment claim) of Plaintiff's Amended Complaint is DISMISSED for failure to state a claim as to County Defendant Stanton Riggs in his individual and official capacities. Count II remains as to all other Defendants. Count III (federal civil conspiracy claim) and Counts I, IV, VI (state tort law claims) of Plaintiff's Amended Complaint are DISMISSED for the reasons explained herein as to the County Defendants named in each Count. Counts I, III, IV, V, and VI remain as to the non-County Defendants named in each Count. County Defendant Stanton Riggs, in his individual and official capacities, is DISMISSED from the action.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: John McCall, Albuquerque, New Mexico

Counsel for County Defendants: Elizabeth L. German and Brian A. Thomas, BROWN & GERMAN, Albuquerque, New Mexico