FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 3 0 2001

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY THOMPSON,

        Plaintiff,

vs.                           No. Civ. 00-167 BB/DJS-ACE

STATE OF NEW MEXICO, NEW MEXICO
DEPARTMENT OF CORRECTIONS, ROD
PERRY, Director of Department of Corrections,
CHAVES COUNTY, a municipal corporation,
CHAVES COUNTY JAIL, CHAVES COUNTY
SHERIFF'S DEPARTMENT, KEA RIGGS,
Chaves County District Attorney, in her Official
and Individual Capacity, STANTON RIGGS,
Chaves County Attorney, in his Official and
Individual Capacity, KURT REIF, ESQUIRE,
REIF AND CARRASCO, P.C., CENTRAL
NEW MEXICO CORRECTIONAL FACILITY,
CORRECTIONAL MEDICAL SERVICES,
ALBUQUERQUE VETERANS ADMINISTRATION
HOSPITAL, NEW MEXICO CORRECTIONAL
FACILITY, WESTERN NEW MEXICO
CORRECTIONAL FACILITY, LAS VEGAS
MEDICAL CENTER, UNIVERSITY OF NEW
MEXICO HOSPITAL, and OTHER AS YET
NAMED INDIVIDUALS INVOLVED WITH THE
CARE AND TREATMENT OF DANNY THOMPSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on (1) Defendant Kea Riggs' Motion to Dismiss

Plaintiff's Claims, filed January, 5, 2001 [Doc. No. 79][1]; (2) Defendant Kea Riggs' Motion to

---

[1] Plaintiff's response was filed on January 3, 2001, before Defendant Kea Riggs' motion.



Dismiss No. II, filed February 12, 2001 [Doc. No. 97][2]; and (3) Defendant Las Vegas Medical Center's Motion to Dismiss, filed February 16, 2001 [Doc. No. 100][3]. The Court, having read the pleadings and being apprised of the applicable law, concludes that Defendant Las Vegas Medical Center's motion is well supported, Defendant Kea Riggs' first motion is not well supported, and Defendant Kea Riggs' second motion is supported in part.

## I. STANDARD OF REVIEW

Granting a motion to dismiss for failure to state a claim "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586-87 (10th Cir. 1994) (internal quotations omitted). When ruling on a Rule 12(b)(6) motion, a court must construe the plaintiff's complaint liberally and all well-pleaded allegations in the complaint must be accepted as true. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 510 (10th Cir. 1998). The factual background given herein is premised on this standard.

While "all reasonable inferences must be indulged in favor of the plaintiff," conclusory allegations need not be taken as true. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984); Tonkovich, 159 F.3d at 510. A claim may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

---

[2] Plaintiff's response was filed April 10, 2001 and Defendant Kea Riggs' reply was filed April 11, 2001.

[3] Plaintiff's response was filed March 30, 2001, and Defendant Las Vegas Medical Center's reply was filed April 2, 2001.

## II. BACKGROUND

On May 1, 1997, Plaintiff was arrested. On May 10, 1997, he was transported to the Chaves County Detention Center in Roswell, New Mexico. He was arraigned on May 11, 1997, and sentenced to New Mexico state prison on January 21, 1998. Between May 1997 and January 1998, Plaintiff fell and suffered from seizures, pain, and cognitive disorders, including severe memory loss. He was sent to various facilities for multiple brain scans in September 1997. It was discovered Plaintiff had a malignant brain tumor, although this diagnosis was not immediately conveyed to Plaintiff. Plaintiff alleges that brain surgery to remove the tumor was canceled twice, in a successful effort by one or more Defendants to delay the surgery until he was the state's financial responsibility.

Surgery to remove Plaintiff's tumor was scheduled for November 27, 1997. The surgery was canceled by unnamed Defendants. Plaintiff alleges that he was told his surgery would cost the County too much money. The surgery was rescheduled for January 21, 1998. Plaintiff alleges that on the scheduled day of surgery, by suggestion and/or agreement of Defendant Kea Riggs and other Defendants, the surgery again was canceled. In place of the surgery, Plaintiff was sentenced to state prison. Upon sentencing, Defendant Chaves County was no longer financially responsible for Plaintiff's medical care and treatment while incarcerated. Although it is unclear as to when Plaintiff was transferred to Defendant Las Vegas Medical Center, Plaintiff then was transferred from Defendant Las Vegas Medical Center to Defendant Western New Mexico Correctional Facility on January 22, 1998. On April 2, 1998, Plaintiff's brain tumor was surgically removed. Plaintiff's brain tumor had

grown from approximately two centimeters to over seven centimeters. From April through June of 1998, Plaintiff underwent radiation treatments.

On February 9, 2000, Plaintiff filed a six-count complaint against numerous defendants. On June 6, 2000, Plaintiff filed a six-count amended complaint, deleting some of the previously-named defendants, adding two defendants, and altering some of the allegations. Plaintiff advises in two of his responses to the motions at bar that he intends to amend his amended complaint and that he notified Defendants of this intention.

In his amended complaint, Plaintiff brings one or two federal law counts, under 42 U.S.C. §§ 1983, 1985, 1988, and four or five state law counts. (It is unclear whether Count III, civil rights conspiracy, is being brought under federal and/or state law.) Defendants Kea Riggs (Riggs) and Las Vegas Medical Center (LVMC) were renamed in the amended complaint.[4] Defendant Riggs, at all relevant times, was an Assistant Chaves County District Attorney allegedly acting under the color of state law. Defendant LVMC is located in Las Vegas, New Mexico, and allegedly was acting under the color of state law at all relevant times.

The essence of Plaintiff's amended complaint as to Defendant LVMC is that it failed to fully inform Plaintiff of his condition and/or its ramifications, agreed to or failed to oppose the cancellation of his surgery, was negligent in caring for him, and/or otherwise failed to provide him with proper medical care. As to Defendant Riggs, Plaintiff alleges that she acted or failed to act to ensure he was provided proper medical care by delaying surgical treatment of his

---

[4] Defendants Stanton Riggs and the University of New Mexico Hospital have been dismissed as parties to this action by order of the Court and stipulation of the parties, respectively.

malignant brain tumor in order to shift financial responsibility for the treatment from Defendant Chaves County to the state. Plaintiff alleges that the actions or omissions of Defendants LVMC and Riggs caused him physical, mental, and emotional injury, including seizures, memory loss, brain damage, pain, and injuries from falling. The relief sought by Plaintiff includes damages, punitive damages, an injunction requiring any Defendant currently involved with Plaintiff's care to provide him proper medical care to facilitate his recovery, a finding that all Defendants are jointly and severally liable, and attorney's fees and costs.

## III. DISCUSSION

Plaintiff contends that a decision on Defendant LVMC's motion to dismiss and on Defendant Riggs' second motion to dismiss would be untimely because of his asserted intention to amend his amended complaint. Plaintiff states that among other amended allegations, he will include state constitutional claims for damages for which Defendant LVMC "has waived sovereign immunity," Pl.'s Resp. to Def. LVMC's Mot. to Dismiss at 1, and will allege that Defendant Riggs and former Defendant Stanton Riggs, "contacted Plaintiff's doctors to have them cancel Plaintiff's surgery scheduled on January 21, 1998," Pl.'s Resp. to Def. Riggs' Mot. to Dismiss No. II at 2 (emphasis omitted). Plaintiff has cited no case law to support his contention that pending motions to dismiss are unripe because of the potential for a second amended complaint. (The Court notes that pursuant to Fed. R. Civ. P. 15(a) leave of court or written consent of Defendants is required before Plaintiff may file a second amended complaint.) Notwithstanding Plaintiff's proposed amended allegations, the pending motions to dismiss are ripe. In deciding the motions before me, I am limited to Plaintiff's allegations in the amended complaint.

5

## A. Defendant LVMC's Motion to Dismiss

Two claims are brought by Plaintiff in his amended complaint as to Defendant LVMC: Count I, a state law claim for negligence, and Count II, a federal law claim for violations of the Eighth Amendment of the United States Constitution. In its motion to dismiss brought pursuant to Fed. R. Civ. P. 12 (b)(6), Defendant LVMC contends that it is an arm of the State of New Mexico and, thus, under the Eleventh Amendment of the United States Constitution, immune from suit in federal court. Plaintiff responds that the state legislature cannot suspend state constitutional protections by granting sovereign immunity through the New Mexico Tort Claims Act.

Eleventh Amendment immunity generally protects states, entities which are arms of a state, and state officials sued in their official capacities from suit in federal court. V-1 Oil Co. v. Utah State Dep't of Pub. Safety, 131 F.3d 1415, 1420-21 (10th Cir. 1997). Eleventh Amendment immunity is not absolute, however. It may be waived by a state or abrogated by Congress. MCI Telecomm. Corp. v. Public Serv. Comm'n of Utah, 216 F.3d. 929, 935 (10th Cir. 2000), cert. denied, __ U.S. __, 121 S.Ct. 1167 (2000); Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1233-34 (10th Cir.1999). Furthermore, Eleventh Amendment immunity exists only as to suits seeking retroactive relief or money damages. White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1996). It does not apply to suits for prospective equitable relief. Id.

Plaintiff does not contest that Defendant LVMC is an arm of a state and I see no reason to conclude otherwise. See Sutton, 173 F.3d at 1232 ("Whether a particular political

6

subdivision is an "arm of the state" is determined by examining four factors: (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; (3) the degree of state funding received; and (4) the governmental unit's ability to issue bonds and levy taxes on its own behalf." (internal citations omitted)); N.M. Const., art. XIV, § 1 (LVMC is a state institution.); N.M. Stat. Ann. §§ 23-1-12 (1999 Repl. Pamp.) (LVMC under authority of N.M. Health and Environment Department), 23-1-13(A) (LVMC is a state hospital.), 23-5-1 (LVMC is a state hospital whose "object . . . is the observation, diagnosis, treatment, care, and maintenance of the mentally ill."). Notwithstanding Plaintiff's argument regarding the inapplicability of state sovereign immunity to claims of state constitutional violations, which is discussed below, there is no evidence that Defendant LVMC or the state has waived its immunity, see N.M. Stat. Ann. § 41-4-4(F) (New Mexico has not waived its Eleventh Amendment immunity from suit in federal court); McLaughlin v. Board of Trs. of State Colleges of Colo., 215 F.3d 1168, 1170-72 (10th Cir. 2000), or that the immunity has been abrogated by Congress, see Quern v. Jordan, 440 U.S. 332, 341-45 (1979) (regarding § 1983 claims). Furthermore, Plaintiff seeks no prospective equitable relief from Defendant LVMC. The injunctive relief sought refers only to those persons or entities currently involved with Plaintiff's care. There is no allegation in Plaintiff's amended complaint that Defendant LVMC is currently involved with Plaintiff's care. Therefore, I conclude that Plaintiff's claims against Defendant LVMC are barred by the Eleventh Amendment and I consequently lack subject matter jurisdiction over those claims. Defendant LVMC's motion to dismiss will be granted.

**B. Defendant Riggs' First Motion to Dismiss**

In a prior opinion, the Court dismissed former Defendant Stanton Riggs, in his individual and official capacities, as a party to the action because of insufficient allegations or other failures to state a claim. In her first motion to dismiss, Defendant Riggs contends that each of the factual allegations and legal claims asserted against former Defendant Stanton Riggs (the Chaves County Attorney and her husband) also were asserted against her. Consequently, Defendant Riggs argues that Plaintiff's claims against her are barred under the doctrine of the law of the case.

The doctrine of the law of the case is inapplicable here. While Defendant Riggs may have defenses similar to those raised by former Defendant Stanton Riggs, Defendant Riggs held a different governmental position than former Defendant Stanton Riggs and her alleged involvement in the Plaintiff's criminal case differs from the involvement, if any, of former Defendant Stanton Riggs. Cf. In re Meridian Reserve, Inc., 87 F.3d 406, 409-10 (10th Cir. 1996) (law of the case doctrine inapplicable where context differs). Furthermore, the Court's conclusion that Plaintiff "failed to sufficiently allege, directly or inferentially, that County Defendant Riggs and Defendant Kea Riggs met and agreed to delay Plaintiff's brain surgery until Plaintiff was no longer the responsibility of Chaves County," Mem. Op. and Order (filed Oct. 18, 2000) at 15, was in the context of Plaintiff's conspiracy claim against Stanton Riggs and concerned the sufficiency of the allegations as to Stanton Riggs' conduct. It was not a determination that "the Amended Complaint failed to sufficiently allege . . . that ADA Riggs canceled [Plaintiff's] surgery to save Chaves County the cost of the operation." Def. Riggs' Reply to Def. Riggs' Mot. to Dismiss No. I at 3. Therefore, Defendant Kea Riggs' first motion to dismiss will be denied.

## C. Defendant Riggs' Second Motion to Dismiss

In her second motion to dismiss, Defendant Riggs contends that Plaintiff's federal claims against her in her official capacity are barred because she is not a "person" for purposes of the applicable federal laws, that Plaintiff's federal claims against her in her individual capacity are barred because she is protected by absolute immunity, and that Plaintiff's state law claims against her are barred because she is immune under the New Mexico Tort Claims Act. While not responding to Defendant Riggs' Eleventh Amendment "person" argument, Plaintiff argues that Defendant Riggs is protected by neither absolute immunity nor immunity under the New Mexico Tort Claims Act.

1. Federal Law Claims

In Count II of his amended complaint, Plaintiff alleges that Defendant Riggs violated his Eighth Amendment rights by acting with deliberate indifference towards his medical condition and in failing to meet her duty, or to act, to ensure that while incarcerated (before being sentenced) he was provided proper medical care, including brain surgery, when needed and as originally scheduled. Count II is presumed to be brought under 42 U.S.C. § 1983.[5] In Count III, Plaintiff alleges that Defendant Riggs conspired with others to have his surgery canceled, so that he could be sentenced first and become a ward of the state, saving Chaves

---

[5] To the extent that Plaintiff was a "detainee" and not a "prisoner" at the time of Defendant Riggs' alleged conduct, the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment, applies to his federal constitutional claims. See Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (pretrial detainees protected by Due Process Clause); Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1320 (10th Cir. 1998). Plaintiff's actual status, however, does not affect the applicable analysis, as the analysis of Plaintiff's claims under the Due Process Clause would be identical to that under the Eighth Amendment. See Lopez, 172 F.3d at 759 n.2. Accordingly, Plaintiff's Count II claims will be analyzed under Eighth Amendment case law.

9

County the cost of his surgery. It is unclear whether Plaintiff brings this claim under 42 U.S.C. § 1983 and/or § 1985(3) (and/or the New Mexico Constitution).

"A cause of action under § 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." McLaughlin, 215 F.3d. at 1172; see 42 U.S.C. § 1983; Sutton, 173 F.3d at 1237. State officials acting in their official capacities generally are not "persons" for purposes of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); McLaughlin, 215 F.3d at 1172. They also generally are not "persons" for purposes of § 1985. Lohf v. Runyon, 999 F. Supp. 1430, 1438 (D. Kan. 1998); cf. Bisbee v. Bey, 39 F.3d 1096, 1102 (10th Cir. 1994) (defendants in § 1985 claims entitled to qualified immunity). There is an exception to this rule, pursuant to the Ex parte Young doctrine, 209 U.S. 123, 159-60 (1908), if the official has been sued for prospective equitable relief.[6] Will, 491 U.S. at 71 n.10; MCI Telecomm. Corp., 216 F.3d.at 935; McLaughlin, 215 F.3d at 1172 n.2.

Plaintiff does not contest Defendant Riggs' characterization of county district attorneys as state officials. Furthermore, the Court has previously determined that, in performing their duties in the criminal context, New Mexico's district attorneys are state officials. Giles v. Lucero, Civ. No. 00-1135 BB/RLP, slip op. at 6-7 (D.N.M. Nov. 30, 2000) [Doc. No, 19]; Rowley v. Eighth Judicial Dist. Attorney's Office, Civ. No. 98-1154 SC/LFG, slip op. at 10-13 (D.N.M. Aug. 13, 1999) [Doc. No. 44], at 10-13. The Ex parte Young exception does not

---

[6] The Supreme Court has recognized two new limitations to the Ex parte Young doctrine. Idaho v. Coeur d'Alene Tribe, 521 U.S. 261 (1997); Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996). Neither of these restrictions are implicated here. See Ellis v. University of Kan. Med. Ctr., 163 F.3d 1186, 1197-98 (10th Cir. 1998); Buchwald v. University of N.M. Sch. of Med., 159 F.3d 487, 495 n.6 (10th Cir. 1998); ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1189-90 (10th Cir. 1998), cert. denied, 525 U.S. 1122 (1999).

apply because Defendant Riggs is not being sued for prospective equitable relief. Consequently, Defendant Riggs, in her official capacity, is not a "person" for § 1983 or § 1985 purposes. Plaintiff's federal claims against Defendant Riggs in her official capacity will be dismissed.

Defendant Riggs contends that Plaintiff's federal law claims against her in her individual capacity also must be dismissed because she is protected by absolute prosecutorial immunity. Accepting as true Plaintiff's allegations in his amended complaint that she "had a role in having [Plaintiff] sentenced by the [c]ourt before he could undergo surgery to have his brain tumor removed . . . so that the cost of the surgery would be transferred from Chaves County to the State," Def. Riggs' Mot. to Dismiss No. II at 10, she contends that she was acting in her role as prosecutor and immune from suit. Plaintiff responds that Defendant Riggs may be immune for her acts involving his sentencing, and even those acts involving the scheduling of his sentencing hearing; however, she is not immune for having his previously scheduled surgery canceled.

Prosecutors sued in their individual capacities are absolutely immune from suit under § 1983 when the underlying actions are "intimately associated with the judicial phase of the criminal process," such as initiating and pursuing criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Absolute immunity also applies to § 1985 claims. Bisbee, 39 F.3d at 1101 n.1 (citing Van Sickle v. Holloway, 791 F.2d 1431, 1435 (10th Cir. 1986)). Absolute prosecutorial immunity, however, is of an exceptional character and should be recognized sparingly. Buckely v. Fitzsimmons, 509 U.S. 259, 269 (1993); Forrester v. White, 484 U.S. 219, 224 (1988). "'[T]he official seeking absolute immunity bears the

11

burden of showing that such immunity is justified for the function in question.'" Buckley, 509 U.S. at 269 (quoting Burns v. Reed, 500 U.S. 478, 486 (1991) (alteration in Buckley)). "[I]n determining immunity, [a court] examine[s] the nature of the function performed, not the identity of the actor who performed it." Kalina v. Fletcher, 522 U.S. 118, 127 (1997) (internal quotations omitted). "[A]s the function test of Imbler recognizes, the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." Buckley, 509 U.S. at 273. The purpose of absolute prosecutorial immunity is to allow prosecutors "the latitude to perform their [quasi-judicial] tasks absent the threat of retaliatory section 1983 litigation." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1489-90 (10th Cir. 1991) (internal quotations omitted); see Burns, 500 U.S. at 494 ("Absolute immunity is designed to free the judicial process from the harassment and intimidation associated with litigation."). "[T]he more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach." Pfeiffer, 929 F.2d at 1490; see Buckley, 509 U.S. at 273; Scott v. Hern, 216 F.3d 897, 908 (10th Cir. 2000).

Focusing on the nature of the act at issue, the canceling of Plaintiff's January 21, 1998, surgery, I cannot conclude that it is a prosecutorial function involving Defendant Riggs' presentation of the state's case against Plaintiff or with the sentencing of Plaintiff – i.e., that it was "an integral part of the judicial process." Imbler, 424 U.S. at 430 (internal quotations omitted). In allegedly canceling Plaintiff's surgery, Defendant Riggs "stepped outside the role of prosecutor." Scott, 216 F.3d at 909. Therefore, Defendant Riggs is not entitled to absolute prosecutorial immunity in this context.

12

Defendant Riggs also raised whether Plaintiff has sufficiently alleged his federal law claims as to her. It is unclear whether a prosecutor can be liable for violations of the Eighth Amendment and § 1983. On the one hand, Eighth Amendment violation case law generally involves prison officials or medical staff. On the other hand, § 1983 case law only requires an affirmative link between the alleged constitutional deprivation and the alleged actions or omissions of the named governmental official(s). Logic dictates that § 1983's remedial intent would be best realized if the Eighth Amendment is not artificially narrowed to apply only to certain people or entities acting under color of state law. Like absolute immunity law, a functional approach should apply. Consequently, any person or entity acting under color of state law, who is not otherwise immune, who has some role in a detainee's or prisoner's medical care, and who meets the objective and subjective requirements of Eighth Amendment law, may be liable under § 1983 for Eighth Amendment violations. See, e.g., Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996) ("[I]n order to successfully assert a § 1983 claim under the Eighth Amendment for failure to protect, a plaintiff must show personal involvement or participation in the incident."); see also Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) ("[D]eliberate refusal to provide medical attention . . . may give rise to an Eighth Amendment violation and is cognizable under §42 U.S.C. 1983."); Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) (parole board subjected to Eighth Amendment analysis).

I further conclude that under the liberal Rule 12(b)(6) standard of review Plaintiff has alleged sufficient facts from which it could be concluded that Defendant Riggs violated his Eighth Amendment rights. Taking Plaintiff's allegations about Defendant Riggs' role in canceling his surgery as true, Plaintiff has pled sufficiently that Defendant Riggs had a role in,

13

control over, or was personally responsible for the cancellation of his surgery. Grimsley, 93 F.3d at 679; Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Plaintiff also has alleged sufficiently a serious medical condition for which the alleged delay in medical care allegedly resulted in substantial harm, including pain and suffering. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Sealock v. Colorado 218 F.3d 1205, 1210 & n. 5 (10th Cir. 2000); Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999); Green, 108 F.3d 1296, 1303-04 (10th Cir. 1997). Additionally, it can be inferred that Defendant Riggs not only was aware of Plaintiff's serious medical condition, but also knew or could have inferred the substantial risk of harm to Plaintiff if the surgery to remove his brain tumor was canceled. Farmer v. Brennan, 511 U.S. 825, 837, 842 (1994); Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001); Sealock, 218 F.3d at 1209.

Plaintiff, however, has pled insufficiently his claim against Defendant Riggs for civil rights conspiracy under either 42 U.S.C. § 1983 or § 1985(3). To the extent that a conspiracy may form the basis of a § 1983 claim, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants;" conclusory allegations of conspiracy are not enough. Tonkovich, 159 F.3d at 533. Where the plaintiff has no knowledge of an agreement between the alleged conspirators, "the sequence of events" alleged may be sufficient enough to allow an inference from the circumstances that the conspirators had a "meeting of the minds." See Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1127 (10th Cir. 1994) (quoting Adickes v. S.H. Kress and Co., 398 U.S. 144, 157, 158 (1970)). Applying the Tenth Circuit's strict standard for pleading conspiracy under § 1983, Plaintiff's claim against Defendant Riggs is not well-plead. Plaintiff also has failed to allege a § 1985 conspiracy

14

involving Defendant Riggs because there is no allegation that the conspiracy was motivated by race or other similar, narrowly construed, case-based animus. 42 U.S.C. § 1985(3); <u>Tilton v. Richardson</u>, 6 F.3d 683, 686 (10th Cir. 1993); <u>Brown v. Reardon</u>, 770 F.2d 896, 907 (10th Cir. 1985); see <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971). Therefore, to the extent it is brought under federal law, Plaintiff's civil rights conspiracy claim (Count III) will be dismissed as to Defendant Riggs in her individual capacity. However, Plaintiff's Eighth Amendment claim (Count II) must remain at this stage.

2. State Law Claims

In Count IV of his amended complaint, Plaintiff alleges that Defendant Riggs, by intentionally delaying his surgery, committed <u>prima facie</u> tort. The parties also have interpreted Plaintiff's conspiracy count (Count III) as alleging a violation by Defendant Riggs of Plaintiff's rights to property and due process under Article II, Section 18 of the New Mexico Constitution. Defendant Riggs contends that there is no waiver of governmental immunity for prosecutors under the New Mexico Tort Claims Act. Additionally, Defendant Riggs contends that the New Mexico Tort Claims Act contains no specific waiver of immunity for liability for <u>prima facie</u> tort or for violations of the New Mexico Constitution. Plaintiff counters that in acting to cancel his surgery, Defendant Riggs was altering the conditions of his custody and thus acting as a "law enforcement officer," an official for whom governmental immunity is waived under § 41-4-12 of the New Mexico Tort Claims Act. Plaintiff also repeats his argument, raised in response to Defendant LVMC's motion to dismiss, that the New Mexico Legislature cannot, through its assertion of governmental immunity, suspend state constitutional protections, which are self-executing and trump state statute.

As to Plaintiff's argument that the New Mexico Tort Claims Act is in derogation of the New Mexico Constitution, his claim is unsupported by the relevant case law.

> If the state legislature deems it in the public interest not to permit damage actions under state law for violations of state or federal constitutional rights, there appears to be no obstacle to a statute enacting that immunity. We have previously held that absent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right. Although the legislature cannot eliminate or limit a constitutional right, it need not provide a damage remedy for a violation of that right.

Ford v. N.M. Dep't of Pub. Safety, 119 N.M. 405, 412, 891 P.2d 546, 553 (Ct. App. 1994) (citation omitted); see Chaves v. City of Albuquerque, 1998-NMCA-004 ¶11, 124 N.M. 479, 482, 952 P.2d 474, 477 (Ct. App. 1997) ("Plaintiff may not seek damages from the City for violation of state constitutional rights unless immunity is waived under the Tort Claims Act." (citation omitted)).

I need not reach the remainder of the parties' arguments because Plaintiff's state law claims are barred by the New Mexico Tort Claims Act two-year statute of limitations. See N.M. Stat. Ann. § 41-4-15(A) (1996 Repl. Pamp.). Plaintiff's original complaint was filed February 9, 2000. The last possible date of occurrence regarding Defendant Riggs that could have caused Plaintiff injury is January 21, 1998, the date of Plaintiff's surgery and the date such surgery allegedly was canceled by Defendant Riggs. There is no "continuing harm" tolling of the New Mexico Tort Claims Act statute of limitations. See Bolden v. Village of Corrales, 111 N.M. 721, 721-22, 890 P.2d 635, 635-36 (Ct. App. 1990). If the facts are as Plaintiff alleges, it was certain (and not "inherently unknowable") that Defendant Riggs' alleged January 21, 1998, cancellation of Plaintiff's brain surgery would result in injury to Plaintiff as of that date. Bolden, 111 N.M. at 722, 809 P.2d at 636. Plaintiff's state law

claims against Defendant Riggs (Count III, to the extent it is brought under state law, and Count IV) will be dismissed.

**THEREFORE, IT IS ORDERED** that Defendant Kea Riggs' Motion to Dismiss Plaintiff's Claims, filed January, 5, 2001 [Doc. No. 79], is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendant Kea Riggs' Motion to Dismiss No. II, filed February 12, 2001 [Doc. No. 97], is hereby PARTIALLY GRANTED. Plaintiff's claims in Count II (Eighth Amendment Violations) of the amended complaint against Defendant Kea Riggs in her individual capacity REMAIN. All other claims against Defendant Kea Riggs, in her individual and official capacities, are DISMISSED.

**IT IS FURTHER ORDERED** that Defendant Las Vegas Medical Center's Motion to Dismiss, filed February 16, 2001 [Doc. No. 100], is hereby GRANTED. Defendant Las Vegas Medical Center is DISMISSED as a party to this action.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: John McCall, Albuquerque, New Mexico

Counsel for Defendants Kea Riggs and Las Vegas Medical Center: Stephen G. French, Robert W. Becker, and Christina E. Anaya, FRENCH & ASSOCIATES, P.C., Albuquerque, New Mexico