IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY THOMPSON,

        Plaintiff,

vs.                                                    No. Civ. 00-167 WJ/DJS-ACE

STATE OF NEW MEXICO, NEW MEXICO
DEPARTMENT OF CORRECTIONS, ROD [sic]
PERRY, Director of Department of Corrections,
CHAVES COUNTY, a municipal corporation,
CHAVES COUNTY JAIL, CHAVES COUNTY
SHERIFF'S DEPARTMENT, KEA RIGGS,
Chaves County District Attorney, in her Official
and Individual Capacity, STANTON RIGGS,
Chaves County Attorney, in his Official and
Individual Capacity, KURT REIF, ESQUIRE,
REIF AND CARRASCO, P.C., CENTRAL
NEW MEXICO CORRECTIONAL FACILITY,
CORRECTIONAL MEDICAL SERVICES,
ALBUQUERQUE VETERANS ADMINISTRATION
HOSPITAL, NEW MEXICO CORRECTIONAL
FACILITY, WESTERN NEW MEXICO
CORRECTIONAL FACILITY, LAS VEGAS
MEDICAL CENTER, UNIVERSITY OF NEW
MEXICO HOSPITAL, and OTHER AS YET
NAMED INDIVIDUALS INVOLVED WITH THE
CARE AND TREATMENT OF DANNY THOMPSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on (1) Chaves County Defendants' Motion to Strike Plaintiff's Expert, filed November 29, 2001 [Doc. No. 233]; (2) all parties' Unopposed Motion to Extend Time for Filing Pretrial Order, filed November 26, 2001 [Doc. No. 231]; (3) Plaintiff's Motion and Memorandum to Strike Defendants' Supplemental Expert Witness Affidavit, filed

November 26, 2001 [Doc. No. 230]; (4) Chaves County Defendants' Motion to Strike, or in the Alternative, to Dismiss, Plaintiff's Amended Complaint [sic], filed October 15, 2001 [Doc. No. 201]; (5) Chaves County Defendants' Motion for Summary Judgment, filed October 10, 2001 [Doc. No. 195]; (6) Defendants Correctional Medical Service and Shahid Hussain's Motion for Summary Judgment, filed October 10, 2001 [Doc. No. 193]; (7) Plaintiff's Motion and Memorandum for Leave to Amend Complaint, filed October 10, 2001 [Doc. No. 192]; (8) Plaintiff's Motion and Memorandum for Appointment of Rule 706 Expert, filed October 2, 2001 [Doc. No. 190]; (9) Plaintiff's Motion and Memorandum for New Litigation Deadlines and Other Relief Concomitant with the Entry of New Counsel for Plaintiff, filed October 2, 2001 [Doc. No. 189]; (10) Chaves County Defendants' Unopposed Motion to Make Carla Stephen Available for Deposition, filed August 29, 2001 [Doc. No. 184]; (11) Chaves County Defendants' Unopposed Motion to Take Deposition Outside Discovery Deadline, filed August 22, 2001 [Doc. No. 182]; (12) Defendants Rob Perry, New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's Motion for Sanctions, filed August 16, 2001 [Doc. No. 180]; (13) Defendant Rob Perry's Motion to Strike Order, filed June 20, 2001 [Doc. No. 159]; (14) Defendants Rob Perry, New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's Motion to Deem Defendants' Requests for Admission Admitted, filed June 12, 2001 [Doc. No. 153]; (15) Chaves County Defendants' Motion to Compel, filed May 10, 2001 [Doc. No. 139]; (16) Chaves County Defendants' Motion to Extend Expert Disclosure Deadline for Defendant Chaves County [sic], filed May 10, 2001 [Doc. No. 137]; (17) Defendants New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's Motion to Dismiss, filed May 8, 2001 [Doc. No. 135];

and (18) Defendant Rob Perry's Motion to Dismiss, filed May 8, 2001 [Doc. No. 133]. The Court, having read the pleadings and being apprised of the applicable law, concludes that Plaintiff's motion to amend is well taken. The Court further concludes that Plaintiff's motion to extend litigation deadlines and for other relief will be partially granted and Plaintiff's motion for appointment of a Rule 706 expert witness will be denied without prejudice. All other pending motions will be denied as moot.

## I.  BACKGROUND

The undersigned judge inherited this case on January 2, 2002. A review of the record establishes that Plaintiff is a New Mexico inmate. His action arises from Defendants' seven-month delay in providing him surgery to remove a malignant brain tumor diagnosed when he was a pretrial detainee. Plaintiff filed his original complaint on February 9, 2000, and a first amended complaint on June 6, 2000. In June 2001, Plaintiff's counsel, John McCall, expressed concern about his ability to represent Plaintiff. Plaintiff's counsel was granted his first request for a stay so that he could obtain substitute counsel. Mr. McCall's attempts were unavailing and his second request for a stay in early July 2001 was denied. During a hearing held July 30, 2001, the Court granted Plaintiff's counsel ten days in which to find counsel to assist or replace him. However, in the interest of justice, the Court also pledged to seek, on its own, counsel to assist or replace Plaintiff's current counsel. Although Plaintiff's counsel was unsuccessful in finding counsel to assist him, the Court was successful. Plaintiff's new counsel, Ms. Hammel, entered her appearance on September 28, 2001.

## II.  MOTION TO STRIKE

On October 15, 2001, the Chaves County Defendants electronically filed a Motion to Strike, or in the Alternative, Motion to Dismiss, Plaintiff's Amended Complaint (Doc. No. 201). The

October 11, 2001, motion is an exact replica of a motion filed by the County Defendants on June 28, 2000 (Doc. No. 64). <u>Compare</u> Court Signature for Doc. No. 201 <u>with</u> Court Signature for Doc. No. 64. Consequently, the October 15, 2001, motion: (1) does not correspond with the relief sought in the motion's supporting memorandum – the striking of the entry of appearance of Plaintiff's new counsel[1]; (2) is brought by County Defendants Chaves County, Chaves County Jail/Chaves County Detention Center, Chaves County Sheriff's Department, and County Attorney Stanton Riggs, although Stanton Riggs was dismissed as a defendant on October 18, 2000; and (3) includes the signature of Brian A. Thomas, although Mr. Thomas appears no longer to represent the County Defendants or be employed with Brown & German. The motion violates Local Rule 7 and conceivably Federal Civil Procedure Rule 11. Therefore, although the Court realizes that the erroneous electronic filing of the motion was likely unintentional, the motion will be stricken.

Alternatively, even assuming proper motion practice, the County Defendants' motion to strike lacks merit. Plaintiff's new counsel entered her appearance in this case at the indirect behest of the Court. The parties were informed at the July 30, 2001, hearing that in addition to giving Plaintiff's counsel ten days to locate counsel to assist him or replace him, the Court also was going to make such an attempt. Unfortunately, fruition of the Court's efforts took longer than hoped for. As for County Defendants' argument that Plaintiff's entry of appearance violates Local Rule 83.8(a), no withdrawal motion and substitution notice were required. Plaintiff's new counsel is an addition to, and not a substitute for, Plaintiff's original counsel. Any prejudice to the County Defendants resulting

---

[1] To add to the confusion, the County Defendants' supporting brief, electronically filed October 15, 2001 (Doc. No. 202), is entitled "County Defendants' Memorandum in Support of Their Motion to Strike Entry of Appearance," but electronically described as a memorandum in support of the motion to strike or dismiss Plaintiff's amended complaint.

4

from the Ms. Hammel's entry of appearance is outweighed by the necessity for such an entry to insure a just resolution of this action. Therefore, in the alternative, the County Defendants' motion to strike will be denied.

## III.   MOTION TO AMEND

Plaintiff's new counsel filed a motion to amend "to clean up and refocus the complaint."[2] Pl.'s Mot. and Mem. for Leave to Amend Compl. at 1. Defendants Rob Perry, New Mexico Corrections Department, Correctional Medical Services, Shahid Hussain,[3] Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility (the State Defendants) oppose Plaintiff's motion to amend on the grounds that the motion is untimely, that such an amendment would greatly prejudice them, and that certain amendments would be futile. The Chaves County Defendants also oppose Plaintiff's motion on the grounds that the motion is untimely, prejudicial, and futile.

Whether to grant or deny leave to amend is in the sound discretion of the Court. First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1132 (10th Cir. 1987). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]his mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend are more multitudinous: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

---

[2] As with his other motions, Plaintiff filed as one document a motion to amend and supporting memorandum. While this procedure may technically comply with Local Rules 7.3 and 7.5, the Court notes that the usual practice is to file separate supporting briefs.

[3] At the July 2001 status hearing, the Court indicated its confusion regarding Shahid Hussain's participation in this case as a movant and party. Although Dr. Hussain was named as a defendant in the original complaint, he was not renamed in the first amended complaint and, thus, currently is not a named defendant. The Court notes, however, that Dr. Hussain is named as a defendant in the proposed second amended complaint.

by virtue of allowance of the amendment, [and] futility of amendment . . . ." Id.; see Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Clearly, under other circumstances, it would be within the Court's discretion to deny Plaintiff's motion to amend. Under the circumstances of this case, however, justice demands that Plaintiff be granted leave to amend his complaint. Further, the Court fails to see how a more focused complaint will prejudice Defendants (especially those not renamed in the amended complaint). Defendants, moreover, were aware not only that competent counsel was being sought for Plaintiff, but that Plaintiff was seeking to amend his complaint. Plaintiff's new counsel did not delay in seeking leave to amend, notice was provided almost immediately after entry of new counsel that such leave would be sought, and leave was sought before (albeit, on the same day) Defendants' summary judgment motions were filed. Additionally, while discovery deadlines have passed and the Court is not unsympathetic to Defendants' consternation, setting new deadlines will not cause Defendants undue prejudice and would be in the interest of justice. Discovery motions by all parties are pending and the trial setting has been vacated. Finally, Defendants' futility arguments are inadequate. Plaintiff's motion to amend, therefore, will be granted.

## IV. MOTION FOR APPOINTMENT OF RULE 706 EXPERT

Plaintiff requests that under Federal Rule of Evidence 706 the Court appoint a neurological expert to evaluate him to determine whether he suffered physical injury or risk of such harm as a proximate result of Defendants' delay in providing him brain surgery. Plaintiff contends that the damages questions in this action can be resolved only by expert testimony and that a Rule 706 expert would significantly and cost effectively advance the resolution of this case. Defendants oppose such an appointment.

Rule 706 assists a court in evaluating medical evidence, Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999), and with "the ascertainment of truth and the just determination of proceedings," General Elec. Co. v. Joiner, 522 U.S. 136, 150 (1997) (Breyer, J., concurring); see 29 Charles Alan Wright & Victor James Gold, Fed. Prac. & Proc.: Evidence § 6304 (1997 & Supp. 2001). Under Rule 706, a court has the discretion, on its own motion or on the motion of a party, to enter an order to show cause why expert witnesses should not be appointed. Fed. R. Evid. 706(a). A court "may request the parties to submit nominations," select an expert from those nominated, or make its own selection. Id. An expert must consent to her or his appointment. Id. A witness appointed under Rule 706 must advise the parties of her or his findings, if any; may be deposed by either party; may be called to testify by the court or any party; and is subject to cross-examination by each party. Id. Rule 706 expert witnesses "are entitled to reasonable compensation in whatever sum the court may allow," with such compensation being "paid by the parties in such proportion and at such time as the court directs" and taxed like other costs. Id. 706(b). Nothing in Rule 706 prohibits the parties from calling their own expert witnesses. Id. 706(d).

While the appointment of a Rule 706 expert witness in this case might be helpful to the Court or the jury, the procedural state of this case after the filing of this Opinion renders it too early to determine the necessity for such an appointment.[4] Plaintiff may raise the issue again, if he so desires.

---

[4] Plaintiff moves for an order appointing a Rule 706 expert. However, rather than outright appointment of an expert or denial of a Rule 706 motion on the merits, Rule 706 dictates that before ruling a Court issue an order to show cause why an expert should not be appointed, order briefing, and hold a hearing.

7

Therefore, Plaintiff's motion for an order appointing a Rule 706 expert witness will be denied without prejudice.

**V.     MOTION FOR LITIGATION DEADLINE EXTENSIONS AND OTHER RELIEF**

In his motion for new litigation deadlines and other relief concomitant with the entry of his new counsel, Plaintiff requests that (1) he be allowed ten days to file a motion to amend his complaint, (2) a Rule 706 expert report be submitted to the Court and the parties, (3) various litigation deadlines be revised, and (4) Defendants Rob Perry, New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's motion for sanctions and County Defendants' pending discovery motions be denied as moot. Plaintiff's requests for time to amend his complaint and for submittal of a Rule 706 expert report will be denied as moot. However, the remainder of his motion will be granted, as amended.

Defendants oppose Plaintiff's motion, arguing that the motion is untimely and that a discovery extension would be prejudicial to them. Defendants' arguments are unpersuasive for the same reasons discussed above. Therefore, Plaintiff's request that discovery be reopened and litigation deadlines be extended will be granted. The deadlines proposed by Plaintiff in his motion are no longer applicable and will be altered, as specified in the Order below. Any motion to amend or add to the litigation deadlines or limitations provided by the Court should be directed to the assigned magistrate judge.

The extension of litigation deadlines, including the reopening of discovery, and the allowance of Plaintiff's second amended complaint render moot Defendants Rob Perry, New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's motion for sanctions and the County Defendants' pending discovery motions

identified by Plaintiff (motion to compel Plaintiff to respond and supplement certain interrogatories and requests for production, motion to extend their expert disclosure deadline until sixty days after receipt of all medical records, unopposed motion to make Carla Stephen available for deposition and unopposed motion for order to take deposition out of discovery). Therefore, the Court will grant Plaintiff's request that these motions be denied as moot.

## VI. REMAINING MOTIONS

In addition to the motions discussed above, there are seven other pending motions. Plaintiff moves to strike Defendants' supplemental expert affidavit. The County Defendants move to strike Plaintiff's expert witness and move for summary judgment. Defendants Correctional Medical Service and Shahid Hussain move for summary judgment. Defendant Rob Perry moves to strike the Court's June 15, 2001, Order allowing Plaintiff to file his response brief out of time and has filed a motion to dismiss. Defendants New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility also have filed a motion to dismiss. Finally, the parties have filed an unopposed motion to extend time for filing the pretrial order. In light of the resolution of the various motions discussed above, these remaining motions are moot.[5]

**THEREFORE, IT IS ORDERED** that County Defendants' Motion to Strike, or in the Alternative, to Dismiss Plaintiff's Amended Complaint [sic], filed October 15, 2001 [Doc. No. 201], is STRICKEN or, in the alternative, DENIED.

---

[5] Moreover, Defendants failed to file supporting briefs in support of three of their motions: Defendant Rob Perry's motion to strike the Court's June 15, 2001, Order; Defendants Rob Perry, New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's motion for an order deeming Defendants' requests for admissions admitted; and the County Defendants' motion to compel Plaintiff to respond and supplement certain interrogatories and requests for production. Under Local Rule 7.5(b), such failure could constitute consent to deny the motions.

9

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum for Leave to Amend Complaint, filed October 10, 2001 [Doc. No. 192], is GRANTED with the specific requirement that Plaintiff amend and correctly identify the remaining Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum for Appointment of Rule 706 Expert, filed October 2, 2001 [Doc. No. 190], is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum for New Litigation Deadlines and Other Relief Concomitant with the Entry of New Counsel for Plaintiff, filed October 2, 2001 [Doc. No. 189], is PARTIALLY GRANTED AND PARTIALLY DENIED. Litigation deadlines are extended as follows:

(1) Discovery shall be reopened and extended five months from the filing date of this Opinion.

(2) Plaintiff will have thirty days from the filing date of this Opinion in which to respond to or amend previous written discovery of any Defendants remaining in the action.

(3) Each party will be permitted to serve upon each other party no more than thirty additional interrogatories, thirty additional requests for production, and thirty additional requests for admission.

(4) Plaintiff and Defendants (as a whole) will be permitted to take each a maximum of ten depositions of those not already deposed. Depositions of lay witnesses will be limited to four hours in length and depositions of parties or experts will be limited to eight hours in length.

(5) Plaintiff will be permitted until three months, and Defendants four months, from the filing date of this Opinion to identify and produce reports from any testifying experts.

(6) Discovery motions must be filed within ten days of the closing of discovery.

(7) Dispositive motions must be filed within six months of the filing date of this Opinion.

(8) Other deadlines or settings, including settlement and pretrial conferences, initial pretrial report and pretrial order deadlines, and trial setting, will be established at a later date.

**IT IS FURTHER ORDERED** that the following motions are DENIED AS MOOT:

(1) Chaves County Defendants' Motion to Strike Plaintiff's Expert, filed November 29, 2001 [Doc. No. 233];

(2) All parties' Unopposed Motion to Extend Time for Filing Pretrial Order, filed November 26, 2001 [Doc. No. 231];

(3) Plaintiff's Motion and Memorandum to Strike Defendants' Supplemental Expert Witness Affidavit, filed November 26, 2001 [Doc. No. 230];

(4) Chaves County Defendants' Motion for Summary Judgment, filed October 10, 2001 [Doc. No. 195];

(5) Defendants Correctional Medical Service and Shahid Hussain's Motion for Summary Judgment, filed October 10, 2001 [Doc. No. 193];

(6) Chaves County Defendants' Unopposed Motion to Make Carla Stephen Available for Deposition, filed August 29, 2001 [Doc. No. 184];

(7) Chaves County Defendants' Unopposed Motion to Take Deposition Outside Discovery Deadline, filed August 22, 2001 [Doc. No. 182];

(8) Defendants Rob Perry, New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's Motion for Sanctions, filed August 16, 2001 [Doc. No. 180];

(9) Defendant Rob Perry's Motion to Strike Order, filed June 20, 2001 [Doc. No. 159];

(10) Defendants Rob Perry, New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's Motion to Deem Defendants' Requests for Admission Admitted, filed June 12, 2001 [Doc. No. 153];

(11) Chaves County Defendants' Motion to Compel, filed May 10, 2001 [Doc. No. 139];

(12) Chaves County Defendants' Motion to Extend Expert Disclosure Deadline for Defendant Chaves County [sic], filed May 10, 2001 [Doc. No. 137];

(13) Defendants New Mexico Corrections Department, Central New Mexico Correctional Facility, and Western New Mexico Correctional Facility's Motion to Dismiss, filed May 8, 2001 [Doc. No. 135]; and

(14) Defendant Rob Perry's Motion to Dismiss, filed May 8, 2001 [Doc. No. 133].

/s/   William P. Johnson
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: Kathryn A. Hammel, ADRIAN & SALAZAR, PC (a/k/a ADRIAN & HAMMEL, PC), Albuquerque, N.M., and John McCall, Albuquerque, N.M.

Counsel for Chaves County Defendants: Elizabeth L. German and Daniel J. Macke, BROWN & GERMAN, Albuquerque, N.M.

Counsel for Defendants Rob Perry, New Mexico Department of Corrections, Central New Mexico Correctional Facility, Western New Mexico Correctional Facility, Correctional Medical Services (and Shahid Hussain): Deborah D. Wells, KENNEDY , MOULTON & WELLS, P.C., Albuquerque, N.M.